*In re* PROCTOR'S ESTATE.

MICHELS *v.* SOCALL.

1. WILLS—MENTAL COMPETENCY—BURDEN OF PROOF.

After testimony by subscribing witnesses to will that testatrix was of sound mind at time of its execution, burden of proof rests upon contestants to prove a claim of mental incompetency (3 Comp. Laws 1929, § 14212).

2. SAME—MENTAL COMPETENCY—RECORD.

Claim of mental incompetency of 70-year old testatrix, a widow, based on fact she had been in poor health for four or five years and was suffering from a bowel ailment which led to her death about six months later *held*, insufficient to present question for jury where it merely resulted in some loss or impairment of mind.

3. SAME—UNDUE INFLUENCE—RECORD.

Record in will contest *held*, as a matter of law not to sustain claim of undue influence in absence of evidence showing a lack of consistency, reasonableness or propriety of its provisions.

Appeal from Wayne; Driscoll (George O.), J., presiding. Submitted October 6, 1937. (Docket No. 40, Calendar No. 39,520.) Decided November 10, 1937.

In the matter of the estate of Henrietta Proctor, deceased. Ralph Socall presented for probate the will of Henrietta Proctor, deceased. Minnie Michels and others objected thereto. From order allowing probate of will, contestants appealed to circuit court. Verdict for contestants. Judgment for proponents *non obstante veredicto*. Contestants .appeal. Affirmed.

*Eugene L. Mistersky,* for contestants.

*Schmalzriedt, Frye, Granse & Frye,* for proponents.

SHARPE, J. This is an appeal from an order for judgment *non obstante veredicto* of the circuit court for the proponents of the will of Etta Proctor.

The testatrix died in Detroit January 21, 1935; her husband had died a few years before. Both she and her husband were hard-working farmers who had acquired two 40-acre farms, one in Huron township and one in Romulus township, Wayne county. After her husband's death, testatrix sold the farm implements and stock and thereafter stayed on the farm or lived with friends and relatives. On July 24, 1934, testatrix, who was suffering from a bowel ailment from which she later died, was brought to the home of Ralph C. Socall, her nephew, in Detroit. Dr. Oman recommended that testatrix be taken to a convalescing home; and on the same day, she was taken to the Burns Sanitarium. Before going to the sanitarium, she gave Ralph Socall instructions as to the drawing of her will. In compliance with this request, he consulted one Frank C. Welbon, an attorney, and directed him to prepare a will for testatrix. On the day following, Ralph, C. Socall obtained the will from the attorney and delivered it to testatrix at the sanitarium. On July 26th testatrix was returned to the home of Ralph C. Socall and on the afternoon of that day she executed the will in the presence of two witnesses after hearing the same read aloud. Testatrix then returned to the sanitarium where she stayed about two weeks and then returned to her farm. In October, 1934, testatrix was taken to the

hospital where she remained until her death in January, 1935.

Contestants contested the will and a jury in the circuit court found in favor of the contestants, but the trial judge later entered an order for judgment *non obstante veredicto* for proponents. Contestants appeal and contend that there was sufficient evidence presented to allow the jury to determine if the will was executed in consequence of undue influence or if the deceased was mentally incompetent at the time the will was executed.

The claim of mental incompetency is based upon the fact that testatrix was an elderly widow of the age of 70 years, had been in poor health for four or five years, weighing approximately 90 pounds and suffering from an ailment which ultimately led to her death. During the trial of the cause, the proponents produced the two subscribing witnesses to the will; and they testified that at the time of the execution of the will, testatrix was of sound mind. After this testimony was offered and received, the burden of proof then rested upon the contestants to prove the claim of mental incompetence. 3 Comp. Laws 1929, § 14212.

In *Re Cotcher's Estate,* 274 Mich. 154, 161, we said:

"It is to be expected that the mind of a person 80 years of age will not be as keen as in early youth, but evidence of some loss or impairment of mind does not of itself present a question of mental incompetence that should be submitted to a jury; nor does an inability to carry through a connected conversation present such a question. *In re Aylward's Estate,* 243 Mich. 9."

Careful reading and consideration of all the testimony contained in this record discloses no facts or

circumstances which, taken singly or collectively, would justify a verdict setting aside this will on the ground that the testatrix was mentally incompetent. Nor is there evidence to sustain the claim of undue influence as required in *Re Bailey's Estate,* 186 Mich. 677.

The trial court was correct in entering an order for judgment *non obstante veredicto* and the same is affirmed, with costs to proponents.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Potter, and Chandler, JJ., concurred.